# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 18, 2023
Decided September 29, 2023

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN Z. LEE, *Circuit Judge*

DORIS L. PRYOR, *Circuit Judge*

No. 23-2808

| | |
|---|---|
| ROBERT D. O'NEAL,<br>*Applicant*,<br><br>*v.*<br><br>UNITED STATES OF AMERICA,<br>*Respondent*. | On Motion for an Order Authorizing the District Court to Entertain a Second or Successive Motion for Collateral Review. |

**O R D E R**

Robert O'Neal applies under 28 U.S.C. § 2244(b) and § 2255(h) for authorization to file a successive § 2255 motion. For the second time, he contests his conviction for brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c)(1). We deny this request.

O'Neal pleaded guilty to the brandishing count and two further counts of possessing a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A), and was sentenced to 204 months' imprisonment, No. 20-CR-36 (E.D. Wis. Sept. 28, 2020). He did not appeal. He did, however, challenge his brandishing conviction in a motion under § 2255, arguing that counsel was ineffective for failing to alert O'Neal that he was pleading guilty as a principal and not merely as an aider and abettor. But the district court denied this motion on the ground that, for O'Neal's brandishing charge and

sentence, any distinction between liability as a principal and as an aider and abettor made no difference. No. 20-C-1847 (E.D. Wis. Dec. 21, 2020). This court then denied a certificate of appealability. No. 21-3256 (7th Cir. July 29, 2022).

Today O'Neal seeks leave to file a successive § 2255 motion, again arguing that counsel failed to timely alert him that he was charged as a principal. As evidence, he cites a letter from his former counsel admitting that she did not notice at the time that he was charged as such. But because O'Neal brought this very claim in his previous § 2255 motion, it is barred by 28 U.S.C. § 2244(b)(1). *See Suggs v. United States*, 705 F.3d 279, 281–82 (7th Cir. 2013) (applying § 2244(b) to federal prisoner). In any event, the letter is not new evidence—it was attached to his previous § 2255 motion—and it neither establishes O'Neal's innocence nor implicates a new and retroactive constitutional ruling of the Supreme Court. Because § 2255(h) limits successive motions to claims that rest on either previously unavailable proof of innocence or new and retroactive rulings of the Supreme Court, the proposed claim cannot proceed.

We therefore **DENY** authorization and **DISMISS** O'Neal's application.

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit