UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 20-CR-36

ROBERT D. O'NEAL,

        Defendant.

## RESPONSE TO MOTION FOR SENTENCE REDUCTION

The United States of America, by the undersigned attorneys, hereby responds to defendant Robert D. O'Neal's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and USSG § 1B1.13(b)(6). For the following reasons, the Court should deny the motion.

Section 3582(c)(1)(A), commonly known as the compassionate-release statute, "creates an exception to the general rule that a 'court may not modify a term of imprisonment once it has been imposed.'" *United States v. Black*, 131 F.4th 542, 543 (7th Cir. 2025) (quoting 18 U.S.C. § 3582(c)). Until the First Step Act of 2018, only the Bureau of Prisons could initiate a compassionate-release motion. See *Black*, 131 F.4th at 544. The First Step Act modified that provision, allowing prisoners to file the motion as well, see *id.*, conditioned on administrative exhaustion. See § 3582(c)(1)(A) ("upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier").[1]

Assuming administrative exhaustion, the compassionate-release inquiry proceeds in two steps. First, the prisoner must demonstrate "extraordinary and compelling reasons warrant such a reduction." *United States v. Thacker*, 4 F.4th 569, 573 (7th Cir. 2021) (quoting § 3582(c)(1)(A)). Second, the court must "then must weigh any of the applicable sentencing factors in 18 U.S.C. § 3553(a) in determining whether to reduce a sentence." *Id.* (citing § 3582(c)(1)(A)). If the prisoner cannot show eligibility under step one, the court cannot exercise the discretionary authority contemplated by step two. See *Thacker*, 4 F.4th at 573-74; see also *Black*, 131 F.4th at 546-47. Moreover, the first step—demonstrating "extraordinary and compelling reasons"—requires "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Black*, 131 F.4th at 543-44 (quoting § 3582(c)(1)(A)).

Relevant here, the sole policy statement invoked by O'Neal is USSG § 1B1.13(b)(6), namely, that he received an "unusually long sentence." (Dkt. 65 at 5.) Critically, however, that provision cannot be invoked until O'Neal "has served at least 10 years of the term of imprisonment[.]" § 1B1.13(b)(6); see also *Black*, 131 F.4th at 545 (describing the 10-year threshold as one of the "certain conditions" to be met before a prisoner can avail himself of § 1B1.13(6)). O'Neal's motion concedes that he

---

[1] O'Neal contends that he met this requirement when the warden denied his request on 11/7/2025. (Dkt. 65 at 3.) The government does not dispute this, but for reasons explained herein, O'Neal is nonetheless ineligible for relief.

2

has only served about "5 years" out of the 204-month total sentence that this Court imposed on August 26, 2020. (Dkt. 65 at 2; see also Dkt. 42 (judgment imposing 204 months' imprisonment, comprising consecutive terms of 60 + 60 + 84 months on three counts of possessing and/or brandishing a firearm in furtherance of separate armed robberies, in violation of 18 U.S.C. § 924(c).) By the guideline's plain terms, O'Neal is therefore ineligible for the relief he seeks.

O'Neal is also ineligible because § 1B1.13(b)(6) requires him to demonstrate a "change in the law" that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed[.]" He cannot make this showing.

The scope and validity of this language was at issue in *Black*, where the defendant initially received consecutive 5- and 25-year terms for two § 924(c) convictions in the same prosecution. 131 F.4th at 545. That outcome is no longer possible because the First Step Act contained an "anti-stacking" amendment, specifying that the 25-year consecutive term can be imposed only when the second (or subsequent) conviction comes in a separate prosecution after the first conviction is final. *Id.* Congress made clear that the anti-stacking amendment was not retroactive. Nonetheless, Black argued—and the Sentencing Commission agreed—that pre-Act offenders were still eligible for sentence reductions under the "change in the law" language in § 1B1.13(b)(6). The Seventh Circuit rejected this, holding that § 1B1.13(b)(6) "is invalid insofar as it makes defendants eligible for sentence reductions based on § 924(c)'s anti-stacking amendment." 131 F.4th at 546.

3

O'Neal is serving three consecutive sentences under § 924(c) from the same prosecution, but no single term is 25 years because he was sentenced after the First Step Act took effect. (Dkt. 42.) Put simply, there is no "change in the law" for O'Neal to cite relevant to his § 924(c) convictions. Even if he had been a pre-Act offender serving a 25-year consecutive sentence, *Black* forecloses that § 1B1.13(b)(6) makes him eligible for a sentence reduction.

For the foregoing reasons, the Court must deny O'Neal's motion.

Dated this 23rd day of December, 2025.

                         Respectfully submitted,

                         BRAD D. SCHIMEL
                         United States Attorney

By:   *s/ Timothy W. Funnell*

                         TIMOTHY W. FUNNELL
                         Assistant United States Attorney
                         Wisconsin Bar No. 1022716
                         Attorney for Plaintiff
                         Office of the United States Attorney
                         tim.funnell@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2025, I electronically filed the foregoing with the Clerk of the Court for the Eastern District of Wisconsin by using the CM/ECF system.

I further certify that I have caused to be mailed the foregoing, by First Class Mail, postage pre-paid, to the following non-CM/ECF participant:

Mr. Robert D. O'Neal
Inmate Reg. No. 17320-089
FCI Gilmer
Federal Bureau of Prisons
P.O. Box 6000
Glenville, WV 26351

<u>s/Timothy W. Funnell</u>
Timothy W. Funnell
Assistant United States Attorney

205 Doty Street, Suite 301
Green Bay, WI 54301
920.884.1066